UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VIKAS S.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-00613-TLN-CSK

**ORDER**

This matter is before the Court on Petitioner Vikas S.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition") (ECF No. 1) and Respondents' Motion to Dismiss the Petition (ECF No. 10).  For the reasons set forth below, the Petition is GRANTED and the Motion to Dismiss is DENIED.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

This matter arises out of Petitioner's challenge to the constitutionality of his civil immigration detention.  On April 13, 2024, Petitioner first entered the country.  (ECF No. 1 at 4.) Immigration authorities detained Petitioner briefly, initiated removal proceedings against him, and then released him on an order of release on recognizance.  (*Id.*)  Petitioner was placed into the Alternatives to Detention program and complied with all conditions of his release.  (*Id.*) Petitioner has no criminal history.  (*Id.* at 2.)  Nor does he have a final order of removal.  (*Id.* at 4.)

Nevertheless, on December 8, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner without notice or warning.  (*Id.*)  ICE called Petitioner to schedule an appointment.  (*Id.*)  When Petitioner arrived, ICE immediately detained him.  (*Id.*)  Over nearly four months of detention, ICE did not provide Petitioner with any hearing or individualized custody determination.  (*Id.*)

On March 25, 2026, Petitioner filed the instant Petition challenging the lawfulness of his civil immigration detention without notice or a hearing (ECF No. 1), as well as a motion for temporary restraining order ("TRO") (ECF No. 2).  On March 26, 2026, this Court found Petitioner likely to succeed on the merits of his claims that Respondents violated the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause and issued a TRO requiring Petitioner's immediate release.  (ECF No. 6.)  The Court now considers the Petition on the merits.

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

---

[2]   The facts in this case are not disputed.

Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

Petitioner claims his detention without a hearing violates the INA and the Fifth Amendment Due Process Clause.  (ECF No. 1 at 9–11.)  Respondents claim Petitioner has no right to freedom or a hearing because he is subject to mandatory detention.  (ECF No. 10 at 1–2.)

### A.   Immigration and Nationality Act

Petitioner alleges his detention is governed by 8 U.S.C. § 1226(a), which provides for a bond hearing.  (ECF No. 1 at 11.)  Respondents argue Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2) without a bond hearing.  (ECF No. 10.)

The vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner who were released into the United States by immigration authorities.  *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country."  *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  By comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Respondents offer no new arguments or facts justifying reconsideration in this case.

Thus, consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2).  Rather, Petitioner's detention is governed by § 1226(a) and he is entitled to the process required by that provision, including a bond hearing, at minimum.  Respondents did not provide Petitioner with any such bond or custody hearing in nearly four months of detention.  Therefore, Respondents violated 8 U.S.C. § 1226(a).

### B.  Fifth Amendment Due Process

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693.  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.  Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### i.  Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'"  *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."  *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025).  Liberty interest may be strengthened over time.  *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five

years strengthened petitioner's liberty interest).

Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. The government released Petitioner into the United States on his own recognizance, where he resided without issue and complied with all laws and immigration requirements. Moreover, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original); *see also Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("[A] noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody.").

### ii. Procedures Required

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner was detained for nearly four months without the opportunity to be heard as to the justification of his detention, unable to live freely, separated from his community. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable.

"Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025).  Petitioner maintains that he complied with the conditions of his release and has no criminal history.  As Petitioner received virtually no procedural safeguards such as a bond or custody redetermination hearing, the risk that he is being detained without justification is high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without a hearing is negligible, and the effort and cost required to provide Petitioner with procedural safeguards are minimal.  *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards.  Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the government's interest is further diminished where, as here, Petitioner was already found appropriate for release and has complied with the conditions of his release.  *R.D.T.M.*, 2025 WL 2686866 at *6.  Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal.  Any burden associated with the provision of these processes does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation.

The Court finds due process required Respondents to provide notice and a pre-deprivation hearing.  The United States Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original).  The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." *Id.* at 129.  Respondents have not identified any reason Petitioner should be a "special case," nor do they supply an individualized justification for Petitioner's detention.  (*See generally* ECF No. 10.)

Petitioner was not provided with any notice or a pre-deprivation hearing prior to his detention.  ICE called Petitioner to their office so they could arrest him without notice or warning.

6

Neither did Petitioner receive a hearing after he was detained over nearly four months in custody. Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

### IV.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[3]

2. Respondents' Motion to Dismiss (ECF No. 10) is DENIED.[4]

3. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

4. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 6, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]    Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 11.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

[4]    Respondents argue this case should be held in abeyance until the Ninth Circuit rules on *Rodriguez Vasquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which may be dispositive of one of the issues in case. (ECF No. 10 at 2.) The Court declines to do so. As this Court has said previously, it will not delay issuing relief on the prospective chance a pending appeal could change the outcome of one claim.